UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

JAMES MICHAEL SODERBECK,                    Case No. 24-CV-4659 (PJS/DTS)

            Petitioner,

v.                                                                      ORDER

TRACEY BELTZ, Warden,

            Respondent.

---

      Petitioner James Michael Soderbeck brought this pro se habeas petition alleging various infirmities with his state-court conviction for third-degree criminal sexual conduct. The matter is before the Court on Soderbeck's objection to the March 4, 2025, Report and Recommendation ("R&R") of Magistrate Judge David T. Schultz. Judge Schultz recommends denying Soderbeck's petition as untimely. After conducting a de novo review, *see* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), the Court overrules the objection and adopts the R&R.

      In his objection, Soderbeck claims that the one-year statute of limitations for his habeas petition was tolled by a July 27, 2021, habeas petition that he filed in Rice County district court. As the R&R notes, however, no court records exist as to Soderbeck's claimed filing, which Soderbeck himself seems to acknowledge in his objection. ECF No. 9 at 2 (asserting that the judge made a decision in that case, but he

has been trying "to get to the bottom of where the Rice county Judge's Decision went to"). Instead, Soderbeck attached four exhibits to show the statute of limitations was tolled: (1) a receipt for a postage purchase on July 28, 2021 for mail to the Rice County courthouse; (2) an undated "Notice of Motion"; (3) a habeas petition signed on January 2, 2023, and marked received by a Minnesota court on January 18, 2023; and (4) an unaddressed letter signed June 23, 2022, in which Soderbeck asks about a July 27, 2021, petition.

Obviously, the undated "Notice" and the habeas petition filed after the statute of limitations had already run do not help Soderbeck. That said, the postage purchase receipt and letter (if authentic) do suggest Soderbeck at least attempted to file an application for state habeas review around July 27, 2021. Unfortunately for Soderbeck, however, an application is not deemed "filed" for purposes of 28 U.S.C. § 2244(d)(2) unless and until "it is delivered to, and accepted by, the appropriate court officer for placement into the official record." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (citations omitted). The record contains no evidence that Soderbeck's habeas petition was actually delivered to, and accepted by, the Rice County clerk of court. Thus, this Court cannot conclude that Soderbeck "properly filed" an application that would toll the statute of limitations. His habeas petition is therefore denied as untimely.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1. Petitioner's objection [ECF No. 9] is OVERRULED and the Report and Recommendation [ECF No. 8] is ADOPTED.

2. The petition for writ of habeas corpus [ECF No. 1] is DENIED as untimely and DISMISSED WITHOUT PREJUDICE.

3. Petitioner's application to proceed in forma pauperis [ECF No. 2] is DENIED AS MOOT.

4. No certificate of appealability shall issue.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  May 1, 2025                              s/Patrick J. Schiltz
                                                 Patrick J. Schiltz, Chief Judge
                                                 United States District Court

CASE 0:24-cv-04659-PJS-DTS   Doc. 10   Filed 05/01/25   Page 4 of 4